IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANDA PHARMACEUTICALS, INC.,<br>2200 Pennsylvania Avenue NW<br>Suite 300E<br>Washington, DC 20037<br><br>                                        Plaintiff,<br><br>v.<br><br>FOOD AND DRUG ADMINISTRATION,<br>10903 New Hampshire Avenue<br>Silver Spring, MD 20993<br><br>                                        Defendant. | Civ. No. 1:22-cv-1405 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Vanda Pharmaceuticals, Inc. ("Vanda") brings this Complaint against Defendant Food and Drug Administration and alleges as follows:

**NATURE OF THE ACTION**

1. Vanda brings this action to compel Defendant Food and Drug Administration ("FDA") to produce records to Vanda as required by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. Vanda submitted a FOIA request to FDA in January 2020, seeking information and records concerning cases in which FDA waived its putative requirement of a 9-month non-rodent toxicity study before drugs can be tested on human patients for certain extended durations.

1

3. FDA acknowledged Vanda's request on January 14, 2020. It has not otherwise responded to Vanda's request in the intervening two years and three months.

4. FDA thus did not make any determination with respect to Vanda's request within the time period required by FOIA. Because of FDA's failure to adhere to the statutory requirements, this Court has jurisdiction to adjudicate the dispute over the requested records now.

5. The Court should declare that FDA's failure to respond, search, or produce documents in response to Vanda's request violates FOIA and grant injunctive relief directing FDA to conduct a search and to produce responsive documents to Vanda immediately.

## PARTIES

6. Plaintiff Vanda Pharmaceuticals, Inc., is a global biopharmaceutical company focused on the development and commercialization of innovative therapies to address high-impact unmet medical needs and improve the lives of patients. Vanda is incorporated in Delaware and maintains its principal place of business in Washington, DC.

7. Defendant Food and Drug Administration ("FDA") is an agency of the United States government within the Department of Health and Human Services, with its principal office at 10903 New Hampshire Avenue, Silver Spring, MD.

## JURISDICTION AND VENUE

8. This action seeks injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

9. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). Subject matter jurisdiction is also proper under 28 U.S.C. § 1331 because the cause of action asserted arises under the laws of the United States.

10. Venue in this court is appropriate pursuant to 5 U.S.C. § 552(a)(4)(B).

11. Vanda is not required to further exhaust its administrative remedies because, under FOIA, a requestor of records "shall be deemed to have exhausted his administrative remedies with respect to [a] request if the agency fails to comply with the applicable time limit" for providing a response to a FOIA request. 5 U.S.C. § 552(a)(6)(C)(i). As detailed below, FDA did not provide Vanda with a response to a FOIA request within the time period required by the statute.

## REGULATORY BACKGROUND

### A. FDA's Role in Approving New Drugs

12. The Federal Food, Drug, and Cosmetic Act ("FDCA") makes it unlawful to "introduce or deliver for introduction into interstate commerce any new drug" unless FDA has approved a new drug application ("NDA") for that drug. 21 U.S.C. § 355(a).

13. The FDCA requires the FDA to create, by regulation, an exception to this prohibition for new drugs that are used in clinical trials "to investigate the[ir] safety and effectiveness." 21 U.S.C. § 355(i)(1).

14. The FDA's regulations implementing 21 U.S.C. § 355(i) require the sponsor of a new drug to submit an Investigational New Drug application (IND) before beginning clinical trials in the United States. *See* 21 C.F.R. § 312.20. Among other things, an IND contains information on the drug's chemistry and manufacturing, information on the pharmacological and toxicological

effects of the drug from animal studies and in vitro testing, information on any previous human experience, and a protocol for each planned study. *See id.* § 312.23.

15. An IND automatically becomes active 30 days after it is submitted to the FDA, unless FDA imposes a "clinical hold." 21 U.S.C. § 355(i)(2), (3). FDA regulations provide that an IND should include "[a]dequate information about pharmacological and toxicological studies of the drug involving laboratory animals or *in vitro*, on the basis of which the sponsor has concluded that it is reasonably safe to conduct the proposed clinical investigations." 21 C.F.R. § 312.23(a)(8).

16. The FDA's regulations do not identify any particular nonclinical toxicology studies that must be conducted before a sponsor concludes that a clinical study in human subjects would be reasonably safe. Rather, the regulations provide that the "kind, duration, and scope of animal and other tests requires varies with the duration and nature of the proposed clinical investigations." 21 C.F.R. § 312.23(a)(8). The regulations also note that "[g]uidance documents are available from FDA that describe ways in which these requirements may be met." *Id.*

17. FDA has adopted standards issued by an international, private, non-profit association organized under Swiss law through a guidance document. *See* FDA, *Guidance for Industry: M3(R2) Nonclinical Safety Studies for the Conduct of Human Clinical Trials and Marketing Authorization for Pharmaceuticals* (Jan. 2010), perma.cc/ZN95-WBBJ. This guidance states that "[i]n principle . . . the duration of the animal toxicity studies conducted in two mammalian species (one nonrodent) should be equal to or exceed the duration of the human clinical trials up to the maximum recommended duration of the repeated-dose toxicity studies." *Id.*

at 7. The guidance's bottom-line conclusion is that "[s]ix-month rodent and 9-month non-rodent studies generally support dosing for longer than 6 months in clinical trials." *Id.*

18. FDA has interpreted its guidance as imposing a requirement of a 9-month nonrodent study for IND applicants wishing to study a drug in humans for longer than 3 months. *See, e.g.*, *Vanda Pharmaceuticals, Inc. v. Food and Drug Administration*, 436 F. Supp. 3d 256, 263 (D.D.C. 2020) (describing an FDA clinical hold decision in which FDA "noted that 9-month nonrodent toxicity studies 'are required . . . per the ICH Guidance for Industry: M3(R2) Nonclinical Safety Studies for the Conduction of Human Clinical Trials and Marketing Authorization for Pharmaceuticals'").

19. FDA has acknowledged, however, that this requirement is not absolute. During oral argument in previous litigation before this Court, for example, counsel for FDA was asked: "[I]n practice, does the FDA ever do anything other than . . . require a nine-month non-rodent toxicity study?" Transcript of Motion Hearing at 85:13-15., No. 19-301 (D.D.C. Dec. 13, 2019). FDA responded "So, the answer to that is yes." *Id.* at 85:16.

B. **Vanda's FOIA Request**

20. On Thursday, January 9, 2020, Vanda submitted a FOIA request to FDA seeking "[a]ny records of cases in which the requirement of a 9-month non-rodent toxicity study . . . was waived by FDA or otherwise not required as to a particular drug development program" and "[a]ny statistical records or databases indicating the number of such waivers or nonenforcement." *See* Ex. A.

21. An FDA Information Technician acknowledged receipt of Vanda's request by letter dated January 14, 2020. Ex. B. The technician assured Vanda that FDA would "respond as soon as possible." *Id.*

22. FOIA requires an agency, after receiving a "request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, [to] make the records promptly available" to the requestor. 5 U.S.C. § 552(a)(3)(A).

23. The agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any [proper FOIA] request whether to comply with such request and shall immediately notify the person making such request of . . . such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i).

24. FDA did not satisfy this deadline.

25. This 20-day period could be extended, in "unusual circumstances," by no more than ten additional business days. 5 U.S.C. § 552(a)(6)(B)(i).

26. Even assuming that "unusual circumstances" existed, FDA did not meet its deadline to provide a response. In "unusual circumstances," FDA would have 30 business days from January 14, 2020—*i.e.*, until February 27, 2020—to provide responsive documents. FDA did not do so. To date, more than twenty-eight months have elapsed and FDA has not provided any records or otherwise issued a determination as to Vanda's request.

## LEGAL ARGUMENT

27. FOIA authorizes a district court to stay proceedings and "allow the agency additional time to complete its review of the records" only if "the Government can show [that] exceptional circumstances exist and that the agency is exercising due diligence in responding to the request." 5 U.S.C. § 552(a)(6)(C)(i). The burden of demonstrating exceptional circumstances is on the agency. *Id.*

28. A stay is not warranted here because FDA cannot show either "exceptional circumstances" or that it is responding to Vanda's request with due diligence.

29. In order to show that exceptional circumstances exist, "[a]n agency must show more than a great number of requests" (*Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 259 n.4 (D.D.C. 2005)); it must also show that "the number of requests received in the relevant period was truly unforeseen and remarkable," or that it is making progress in reducing its backlog of requests. *Daily Caller News Found. v. FBI*, 387 F. Supp. 3d 112, 116 (D.D.C. 2019).

30. Here, the available data demonstrate that FDA's current load of FOIA requests is neither unforeseen nor remarkable, and that FDA is not making any progress on its backlog.

31. The number of FOIA requests received by FDA each year has remained relatively stable over the last few years. Indeed, the number of requests declined substantially over the last two years.[1]

---

[1] FY2015-18 data taken from the Department of Health and Human Services' Freedom of Information Annual Reports (https://www.hhs.gov/foia/reports/annual-reports/index.html); FY2019, FY2020, and FY2021 data is from FDA's FY2019 FOIA Log (https://www.fda.gov/regulatory-information/freedom-information/fda-foia-logs).

| Year | Number of Requests Received by FDA |
|---|---|
| FY2021 | 8,394 |
| FY2020 | 9,801 |
| FY2019 | 11,557 |
| FY2018 | 10,329 |
| FY2017 | 11,062 |
| FY2016 | 10,374 |
| FY2015 | 9,954 |

32.     Given the relative stability of FDA's inflow of requests, FDA cannot credibly claim that its current FOIA workload is unforeseeably or unusually high.

33.     The data also indicate that FDA has not been making reasonable progress in reducing its backlog of requests. On the contrary, the data indicate that FDA's backlog has stayed relatively flat—and even grown substantially in the most recent fiscal year with reported data[2]:

---

[2]     Data taken from the Department of Health and Human Services' Freedom of Information Annual Reports.

| Fiscal Year | Number of Backlogged Requests at FY End |
|---|---|
| FY2021 | 3,577 |
| FY2020 | 2,825 |
| FY2019 | 3,172 |
| FY2018 | 2,666 |
| FY2017 | 2,279 |
| FY2016 | 2,248 |
| FY2015 | 2,337 |

34. Because FDA is neither dealing with an unforeseen level of FOIA requests nor making progress on its FOIA backlog, it cannot show the "exceptional circumstances" required to warrant a stay.

35. Even if "exceptional circumstances" existed, a stay would be unwarranted because FDA cannot show that it is responding to Vanda's request with due diligence.

## CLAIMS

### COUNT I

**Freedom of Information Act, 5 U.S.C. § 552 — Failure to Conduct an Adequate Search**

36. Vanda hereby incorporates and re-alleges the foregoing paragraphs 1-35 as though fully set forth herein.

37. FOIA requires agencies, upon receipt of a request for agency records that reasonably describes the records sought and conforms to applicable to procedural rules, to "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C).

38. Vanda's FOIA request dated January 9, 2020, reasonably describes documents sought and conforms to applicable procedure. FOIA therefore requires FDA to produce the documents without delay.

39. FDA's failure to conduct a reasonable search for records responsive to Vanda's FOIA request violates 5 U.S.C. § 552(a)(3)(C).

## COUNT II

**Freedom of Information Act, 5 U.S.C. § 552 — Failure to Respond within Time Required**

40. Vanda hereby incorporates and re-alleges the foregoing paragraphs 1-39 as though fully set forth herein.

41. FOIA requires agencies, upon receipt of a request for agency records that reasonably describes the records sought and conforms to applicable procedural rules, to "determine . . . whether to comply with such request" and "immediately notify the person making such request." 5 U.S.C. § 552(a)(6)(A)(i). FDA must make this determination "within 20 days (excepting Saturdays, Sundays, and legal public holidays" and permits a ten business-day extension in "exceptional circumstances" for a maximum of 30 business days. 5 U.S.C. § 552(a)(6)(A)(i), (B)(i).

42. Vanda's FOIA request dated January 9, 2020, reasonably describes documents sought and conforms to applicable procedure. FOIA therefore requires FDA to produce the documents without delay.

43. To date, more than twenty-eight months later, FDA has not responded to Vanda's request. FDA's 30-business-day deadline has long since passed. FDA's failure to respond to Vanda's request violates FOIA.

## COUNT III

**Freedom of Information Act, 5 U.S.C. § 552 — Failure to Provide Responsive Records**

44. Vanda hereby incorporates and re-alleges the foregoing paragraphs 1-43 as though fully set forth herein.

45. FOIA requires agencies, upon receipt of a request for agency records that reasonably describes the records sought and conforms to applicable procedural rules, to "make the records promptly available." 5 U.S.C. § 552(a)(3)(A).

46. Vanda's FOIA request dated January 9, 2020, reasonably describes documents sought and conforms to applicable procedure. FOIA therefore requires FDA to produce the documents without delay.

47. FDA's failure to provide the responsive records thus violates FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Vanda respectfully requests that this Court enter judgment in its favor and that the Court:

1. Declare that FDA's failure to respond, search, or produce responsive documents for more than two years after the receipt of Vanda's request violates FOIA.

2. Order that Defendant FDA expeditiously conduct an adequate search for all records responsive to Vanda's FOIA request.

3. Order that Defendant FDA process and disclose the requested documents in their entirety and promptly make copies available to Vanda.

4. Award Vanda its costs and reasonable attorney's fees incurred in this action.

5. Award Vanda such other and further relief as the Court may deem just and proper.

Dated: May 19, 2022

Respectfully submitted,

*/s/ Paul W. Hughes*
Paul W. Hughes (D.C. Bar No. 997235)
Andrew A. Lyons-Berg (D.C. Bar No. 230182)
Charles Seidell* (D.C. Bar. No. 1670893)
(*application for admission forthcoming*)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
phughes@mwe.com

*Attorney for Plaintiff*